# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00743-COA

**JERMAINE HILL**                                                    **APPELLANT**

**v.**

**SUPERINTENDENT RONALD KING, TIRAH**            **APPELLEES**
**WESLEY, WARDEN BRIAN LADNER AND**
**OFFICER LT. GLORIA HOLLIS**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2017 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JERMAINE HILL (PRO SE) |
| ATTORNEY FOR APPELLEES: | DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED: 03/06/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.

### FAIR, J., FOR THE COURT:

¶1. Jermaine Hill appeals the decision of the Rankin County Circuit Court, which affirmed the decision of the Mississippi Department of Corrections (MDOC), finding Hill guilty of possessing a green substance, an iPod, and an iPod charger while in the custody of the MDOC. Hill challenges this decision on appeal. Upon review, we find no error and affirm.

### FACTS

¶2. Hill was an inmate in the custody of the MDOC. During his incarceration, on January 4, 2017, a green substance, an iPod, and an iPod charger were found under his bed. Because

all of these are considered contraband under the MDOC policy, Hill received two rule-violation reports (RVRs). The reports listed four officers as witnesses to the contraband hidden in Hill's cell. Hill was given notice of the RVRs, and he signed for them. He also requested a witness, was read his rights, received a full investigation, and had a hearing on January 11, 2017.

¶3. At the hearing, Hill presented a statement from Marcus Lester, who stated that the green substance was spice and that it was put there by another inmate. Lester also stated that "Pelico" would confirm his statement. Pelico never gave a statement. Hill provided no defense to his possession of the iPod or the iPod charger. At the end of the hearing, Hill was found guilty and ordered to lose privileges for eighteen months.

¶4. Hill filed an appeal through the MDOC's Administrative Remedy Program (ARP). The warden reviewed all the evidence and ultimately denied Hill's request.

¶5. On March 31, 2017, Hill filed a "complaint," appealing the ARP decision to the circuit court. The MDOC moved to dismiss, stating that Hill had failed to serve process through the Mississippi Office of the Attorney General as required by Mississippi Rule of Civil Procedure 4(d)(5). The circuit court immediately ordered the MDOC to respond to Hill's complaint and provide any relevant documents from the MDOC. The MDOC complied. Ultimately, the court dismissed Hill's complaint, finding that the MDOC's decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope of the powers of the MDOC, and did not violate Hill's constitutional rights.

¶6.    Hill filed the instant appeal.

**DISCUSSION**

¶7.    "The decision of an administrative agency shall not be disturbed unless [it is] unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001) (citation omitted).

¶8.    The MDOC's decision – as to both of Hill's RVRs – was supported by substantial evidence, was not arbitrary or capricious, was not beyond the agency's scope or powers, and did not violate his constitutional or statutory rights.  Hill was provided a written notice of both violations, the right to call witnesses on his behalf, a hearing by an impartial hearing officer, and assistance in preparing for that hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 564-72 (1974) (discussing a prisoner's due-process rights for a disciplinary proceeding).  As to the first RVR, Hill provided no evidence or witnesses to refute his possession of the iPod or iPod charger.  As to the second RVR, Hill denied ownership of the green substance.  The MDOC considered Lester's statement but found that Hill was guilty based on the weight of all the evidence.

¶9.    In conclusion, having reviewed the record, we find the MDOC's decision was supported by substantial evidence, was within the agency's scope or powers, was not arbitrary or capricious, and did not violate Hill's constitutional or statutory rights.  We affirm the circuit court's judgment.

¶10.   **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**